SLAMEY, etc., In re: SLAMEY, Appellant, v. RIZZO, Guardian, etc., et, Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24353. Decided December 13, 1957.

Cerrezin & Cerrezin, for appellant.
A. H. Dudnik, for appellee, Joseph V. Rizzo, Guardian, etc.
Allen N. Corlett, for appellee, Mark L. McCave.

(HUNSICKER, PJ, DOYLE and STEVENS, JJ, of the Ninth District, sitting by designation in the Eighth District.)

**OPINION**

By STEVENS, J.

This appeal on questions of law challenges the propriety of a judgment of the Probate Court of Cuyahoga County, wherein it found Joseph P. Slamey to be "an incompetent person by reason of mental disability within the meaning of the definition of §2111.01 (D) R. C., and is incapable of taking proper care of himself and his property * * *."

An application for letters of guardianship for Joseph P. Slamey was filed on August 7, 1957, by Elizabeth Krieg.

On August 30, 1957, Mark L. McCave filed a similar application, and on August 30, 1957, Rudolph Rizzo also filed an application for letters of guardianship for said Joseph P. Slamey.

All of said applications were consolidated for hearing, and on September 6, 1957, the Probate Court made an order finding said Slamey to be an incompetent person by reason of mental disability, and appointing Rudolph V. Rizzo to be guardian of the person and estate of said Joseph P. Slamey.

On September 11, 1957, Joseph P. Slamey filed a notice of appeal on questions of law and fact from the above order.

On November 7, 1957, the appeal on questions of law and fact was dismissed by the Court of Appeals, and the cause retained as an appeal on questions of law, and was so submitted to this court.

Five assignments of error are urged:

"1. The Probate Court erred prejudicially in appointing a guardian of the person and estate of Joseph P. Slamey when the unanimous medical evidence of three eminent psychiatrists was that he was competent to take care of himself and manage his property, and likewise the overwhelming testimony of lay witnesses was to the same effect.

"2. The Probate Court erred prejudicially in denying appellant his constitutional right to conduct and present his defense by his attorney when the court denied his attorney the right to examine him.

"3. The Court erred in substituting photostatic copies of exhibits for the originals, thereby precluding the appellant from having a handwriting expert examine them for the purpose of establishing whether the exhibits were forgeries.

"4. The Probate Court erred prejudicially in admitting, over objection, a multitude of hypothetical questions and answers based on legally inadmissible evidence, evidence not in the record, and evidence based on the opinions and assumptions of others.

"5. The judgment and order appointing a guardian are contrary to law, and against the weight of the evidence."

This record discloses that Slamey, a man 76 years of age, had accumulated, through the operation of a dry cleaning business, together with other business activities, an estate of between a half and three-quarters of a million dollars.

While Slamey was confined in the hospital by illness in 1955, the

applicant Mark L. McCave, who had long been his attorney, prepared, and purportedly had executed by Slamey, a will (Krieg Exhibit B), by the terms of which Slamey left one-half of his estate to McCave and one-half to Lee P. Wallace, neither of whom were related to Slamey.

No testimony of the alleged incapacity of Slamey was introduced by any of the applicants except McCave.

The overwhelming weight of the testimony, prior to cross-examination by counsel for McCave, was that Slamey was competent to care for himself and his property.

Upon cross-examination of the two experts appointed by the court, who were called early in the hearing and before the evidence which it was asserted by counsel for McCave would be produced, so as to furnish a factual basis for hypothetical questions, certain hypothetical questions were propounded to the experts, wherein they were required to assume as true the facts therein stated.

The court-appointed experts, upon examination by the court, expressed the opinion that, from their examination of Slamey, he was competent.

Upon cross-examination by counsel for McCave, in response to hypothetical questions, the experts testified that, if the facts they were required to assume as true were actually true, then those facts would cause them to modify their previously-expressed opinions that Slamey was competent, and to conclude that he was incompetent.

One of the facts, which the experts were required to assume as true, was that Slamey, on July 8, 1957, deeded a property on 118th Street in Cleveland to Martha Ann Semerano for a reported consideration on the conveyance of $12,500, the property being reasonably worth not less than $25,000.

The only evidence as to the value of that property was the testimony of McCave, who upon examination was shown, as a matter of law, to be completely unqualified to express an opinion as to the value thereof.

What has been said above applies also to the vacant lot on 118th Street, which was alleged to have been sold for $5,000, when it was worth $10,000.

We consider the testimony of McCave, as to the value of said properties, to be of no probative effect, because of lack of qualification to express an opinion.

There was, accordingly, no factual basis for the hypothetical question dealing with the sale price and value of the premises above mentioned, and the answer to the questions should not have been considered.

Another hypothetical question dealt with seven checks, totalling $11,040, allegedly made payable to Mr. Semerano and Heights Monumental Company, and allegedly signed by Slamey. The question required the expert to assume as genuine the signatures on all seven checks, which, with the exception of McCave's Exhibit 7, were denied by Slamey.

The proof established only the genuineness of the signature on Exhibit 7. As to the other six check exhibits (McCave Exhibits 3, 4, 5, 6, 8 and 9), there was no proof as to the genuineness of the signatures

thereon; and the answer to the hypothetical question should have been disregarded.

Still another hypothetical question asked of the experts required them to assume that Slamey collected rents from one of his apartments, went out to the car, and threw over a thousand dollars in cash upon the floor of the car.

From our reading of this record, there is nothing therein which furnishes a factual predicate for the asking of the hypothetical question above mentioned, and the answer thereto should have been disregarded.

There are other instances appearing in this record where the facts are absent, upon which hypothetical questions propounded to experts rested.

As to the foregoing hypothetical questions and answers, the answers given to the questions were incompetent where the questions were not based upon facts which the testimony tended to prove. **Board of Foreign Missions, etc., v. Bevan, etc., 2 Oh Ap 182,** paragraph 2 of syllabus (affirmed, **Bevan v. Board of Foreign Missions, etc., 91 Oh St 395**).

Omitting from consideration the incompetent answers of Doctors Grossman and Hunter, where the hypothetical questions propounded to them were not based on facts which the testimony tended to prove, we are relegated to their conclusions reached after their examination of Slamey, that he was competent.

Such conclusions, announced by all the experts, and by all lay witnesses except Tincher, the handwriting expert employed by McCave, who had seen Slamey on but three occasions, and McCave, an interested witness, compel the conclusion that the finding of the Probate Court, holding Slamey to be incompetent, was manifestly against the weight of the evidence.

As to assignment of error No. 2, it is our opinion that the Probate Court erred when it denied to counsel for Slamey, at a time when Slamey was presumed to be competent, the right to examine his client. However, in view of the fact that the prejudicial errors, hereinabove set forth, require a reversal of this judgment, we do not determine whether or not the denial to counsel of a right to examine his client under the circumstances here appearing was prejudicially erroneous.

We find no prejudicial error, under the circumstances shown by this record, in substituting photostatic copies of exhibits for the originals.

For error prejudicial to appellant, as hereinabove set forth, and because the judgment is manifestly against the weight of the evidence, the judgment is reversed, and the cause remanded for further proceedings according to law.

Reversed and remanded.

HUNSICKER, PJ, DOYLE, J, concur.